11-2014-CA-000812-0001-XX

Filing # 12218470 Electronically Filed 04/07/2014 04:38:08 PM

IN THE CIRCUIT COURT OF THE 20th JUDICIAL CIRCUIT IN & FOR COLLIER COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

KRIS BATES, ROSIE BATES  :   CASE NO.
and ERICA CIRILLO,        :
                          :
        Plaintiffs,       :
vs.                       :
                          :
FIRSTSERVICE RESIDENTIAL, :
INC.,                     :
                          :
        Defendant.        :   COMPLAINT
_____/

Plaintiffs, through counsel, sue Defendant, and state:

## A.  JURISDICTION, PARTIES & VENUE

1.   The amount in dispute in these proceedings exceeds the sum of $15,000.00, exclusive of interest, costs and attorneys' fees.  At Counts I & II, this is a claim by Plaintiffs Kris & Erica Bates (hereinafter collectively referred to as "Bates") against Defendant for overtime violations and retaliation.  Count III is a claim by Plaintiff Erica Cirillo (hereinafter referred to as "Cirillo") for Defendant's violation of §448.112, Fla. Stat.

2.   Plaintiffs worked for Defendant in Naples, Collier County, Florida in the residential community known as "Ole Village."

1

3.   Defendant is a foreign corporation with gross revenues in excess of $500,000.00 per year while Plaintiffs worked for it.

### B.   GENERAL ALLEGATIONS

4.   For their overtime claim, Bates worked an average of 5+ unpaid overtime hours per work week while employed by Defendant but Defendant failed to pay them their overtime rate for those hours.

5.   As provided at Count II, Defendant retaliated against Bates by terminating them following their complaints to management about not being paid their overtime hours.

6.   Plaintiffs have performed and/or satisfied all conditions precedent on their part to be performed and/or Defendant has otherwise waived such conditions by its actions.

7.   Plaintiffs are entitled to their attorneys' fees and costs for bringing this action pursuant to the $216 of the FLSA and/or $448.103, Fla. Stat. and Plaintiffs have retained the undersigned law firm and are obligated thereby to pay for their fees and costs incurred herein.

COUNT I
UNPAID OVERTIME

8.   Plaintiffs readopt and reallege all allegations contained in ¶¶ 1-7 above.

9.   Bates bring this Count under the Fair Labor Standards Act, 29 U.S.C. §201 et seq. (the "FLSA") against Defendant for overtime violations.

10.   Bates worked for Defendant as non-exempt hourly employees and they were not paid all of their owed overtime due to them despite working an average of 5+ unpaid overtime hours per week.

11.   Bates seek to recover from Defendant unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorneys' fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 216(b).

12.   Concurrent jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b).

13.   Defendant was, and at all times pertinent to this Complaint, engaged in interstate commerce and are otherwise subject to the FLSA. By reason of the foregoing, Defendant was, during all times hereafter mentioned, an enterprises engaged in

commerce or in the production of goods for commerce as defined in §§ 3(r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s).

14.   By reason of their employment with Defendant, Bates were employed during such period by an enterprise engaged in commerce within the meaning of 29 U.S.C. § 206(a) and 207(a).   The work performed by Bates was directly essential to those interstate activities described in ¶13 above, which was directly essential to the business performed by Defendant.   Bates, by virtue of their job duties and functions as described above, were engaged in commerce.

15.   Defendant failed to comply with Title 29 U.S.C. §§201-219 and DOL Regulation 29 C.F.R. §516.2 and §516.4 et seq. in that Bates performed services and worked in excess of the maximum hours provided by the FLSA but no provision was made by Defendant to properly pay Bates at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in the FLSA.

16.   Defendant also violated the record keeping provisions of the FLSA by failing to require and/or maintain accurate records of Bates hours of work.

4

17.   Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime compensation by its failure to pay Bates for their overtime hours in accordance with the FLSA.

18.   By reason of the said intentional, willful and unlawful acts of Defendant, Bates have suffered damages plus incurring costs and reasonable attorney's fees.  As a result of Defendant's willful disregard of the FLSA, Bates are entitled to liquidated damages.

WHEREFORE, Bates demand judgment against Defendant for payment at the rate of time and one half for all hours worked in excess of forty (40) per workweek for which they have not been paid, liquidated damages, reasonable attorney's fees and costs of suit, and for all proper relief.

COUNT II
VIOLATION OF 29 U.S.C. § 215(a)(3)
AGAINST DEFENDANT

19.   Bates readopt and reallege all allegations contained in ¶¶ 1-7 above.

20.   Shortly before Bates were fired in or about March 2014, Bates complained to Defendant that they were owed overtime pay.

21.   In response to Bates' complaints as provided at ¶20,

Defendant fired Bates in violation of 29 U.S.C. § 215(a)(3) of the FLSA.

22.   Defendant showed reckless disregard of the provisions of the FLSA concerning its retaliation against Bates for complaining about not receiving owed overtime pay.

23.   By reason of the foregoing acts of Defendant, Bates have suffered damages, and they are entitled to liquidated damages.

WHEREFORE, Bates demand judgment against Defendant for its violation of 29 U.S.C. § 215(a)(3), including all damages allowed by the FLSA for retaliatory acts by employers, liquidated damages, reasonable attorney's fees and costs of suit, and for all proper relief.

## COUNT III
## VIOLATION OF §448.102, FLA. STAT.
## AGAINST DEFENDANT

24.   Cirillo readopts and realleges the allegations contained in ¶¶ 1-2, 6-7 above.

25.   Based on Defendant's actions as described herein, Cirillo was retaliated against by Defendant in violation of §448.102, Fla. Stat.

26.   Defendant was Cirillo's employer at all times material and does business in Naples, Collier County, Florida as a foreign

6

corporation and it employed 10 or more employees while Cirillo worked for it.

27. From 1/07/13 until 2/12/14, Cirillo worked for Defendant as its Clubhouse Manager until she was constructively discharged in retaliation for making certain verbal complaints to Defendant's management of statutory violations that it was committing.

28. Shortly before she was constructively discharged, Plaintiff complained and/or protested to the Employer's management (e.g., Gordon Breen) that Amy Blanco was violating §468.431(2), Fla. Stat., in that she was improperly performing duties for Defendant that she was not licensed to perform and that Gordon Breen was also violating §455.222(j), (k), (p) & (q), Fla. Stat.,, in management of Defendant's property.  Finally, on Plaintiff's last day of work for Defendant, she protested to management that it was violating numerous provisions of Florida's random drug testing laws (e.g., §440.101, Fla. Stat., §527.0915 and §112.0455) which resulted in her constructive discharge and Defendant's own random drug testing policies and procedures.

29. In response to Cirillo's complaints and protests as provided above in ¶28, the Employer retaliated against her in violation of §448.102(3), Fla. Stat., by constructively

discharging her on 2/12/14.

30.   As a direct and proximate result of Defendant's acts as provided above above, Cirillo has been damaged and she is entitled to the relief as provided at §448.103(2), Fla. Stat.

31.   Pursuant to §448.104, Fla. Stat., Plaintiff is entitled to her attorneys' fees and costs for bringing this action and Plaintiff has retained the undersigned law firm and is obligated thereby to pay for such fees and costs incurred herein.

<u>JURY TRIAL DEMAND</u>

Plaintiffs demand trial by jury for Counts I-III.

Respectfully submitted,

McGUINNESS & GONZALEZ, P.A.
Counsel for Plaintiffs
1627 S.W. 37th Ave., Suite 100
Miami, FL 33145
Tel (305) 448-9557
Fax (305) 448-9559
<u>ljmpalaw@netzero.com</u>


<u>s/ Lawrence J. McGuinness (814611)</u>
E. ljmpalaw@netzero.com