UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KRIS BATES, ROSIE BATES and
ERICA CIRILLO,

    Plaintiffs,

vs.                                      Case No: 2:14-cv-421-FtM-29CM

FIRSTSERVICE RESIDENTIAL,
FLORIDA, INC.

    Defendant.
_____/

## RENEWED JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT AND FOR DISMISSAL OF COUNTS I AND II WITH PREJUDICE

Plaintiffs Kris Bates and Rosie Bates (together "Plaintiffs") and Defendant FirstService Residential Florida, Inc. ("Defendant") (together "the Parties"), by and through their undersigned counsel, hereby move for Court approval of the mutually agreed-upon terms and conditions of settlement of Plaintiffs' claims arising under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et. seq.* ("FLSA"), and respectfully request dismissal of Plaintiffs' Count I (alleged unpaid overtime) and II (alleged retaliatory discharge) claims with prejudice, the Parties to bear their own costs, fees, and expenses except as otherwise set forth herein and in the Parties' Settlement Agreements.

This Motion does not address the Count III state law claim asserted by Plaintiff Erica Cirillo, such claim which has not been resolved and remains pending. Ms. Cirillo has not asserted a claim under the FLSA.[1]

---

[1] If the Court approves the settlement and dismisses Counts I and II with prejudice, then the Parties agree that the remaining Count III claim should be remanded to the Circuit Court of the

In support hereof, Plaintiffs and Defendant state as follows:

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

1. Plaintiffs filed a First Amended Complaint on or about August 4, 2014, setting forth claims for unpaid overtime under the FLSA in Count I and claims for retaliatory discharge under the FLSA in Count II.[2] See D.E. 5.

2. On September 19, 2014, Plaintiffs filed their Answers to Court Interrogatories. See D.E. 15. Therein, Mr. Bates calculated his alleged unpaid overtime at $5,070.00, excluding liquidated damages. Mr. Bates alleged that he worked 5 overtime hours per week, at the time and one-half overtime rate of $19.50 per hour, as a Pool Monitor/Community Monitor between March 2013 and March 2014. Ms. Bates calculated her alleged unpaid overtime at $4,192.50, excluding liquidated damages. Ms. Bates alleged that she worked 5 overtime hours per week, at the time and one-half overtime rate of $19.50 per hour, as an Administrative Assistant between April 2013 and February 2014.

3. Defendant has at all times denied liability on Plaintiffs' Count I and Count II claims. Defendant filed its Answer and Affirmative Defenses on August 21, 2014. See D.E. 12. Defendant submits that Plaintiffs were paid in full, at the proper rate, for all hours worked throughout their employment with Defendant. Therefore, Defendant submits that it is not indebted to Plaintiffs in any amount for alleged unpaid overtime. Further, with respect to Plaintiffs' Count II retaliation claim, Defendant submits that Plaintiffs did not complain about alleged unpaid overtime, and were terminated for legitimate, non-retaliatory reasons.

---

20th Judicial Circuit in and for Collier County, Florida, where this case was filed prior to removal to this Court.
[2] Plaintiff initial Complaint was filed in state court on April 7, 2014. Defendant removed the action to this Court on July 30, 2014.

4. Recognizing that the cost of litigation would significantly exceed the potential value of Plaintiffs' FLSA claims, the Parties reached agreement to settle Plaintiffs' Count I and Count II claims. That settlement was achieved at a fairly early stage of this case – before either party engaged in any discovery efforts.

5. The terms of the Parties' settlement of their Count I FLSA overtime claims are set forth in the Settlement Agreement attached hereto as Exhibits A and B. In short, without admitting any liability, and solely in an effort to avoid the cost of litigation, Defendant has agreed to pay Plaintiffs the <u>exact amount</u> set forth in their Statement of Claim as alleged unpaid overtime compensation – namely, $5,070.00 for Mr. Bates and $4,192.50 for Ms. Bates.[3] Defendant also has agreed to pay Plaintiffs' counsel $5,500 in attorneys' fees and costs incurred on Plaintiffs' behalf.

6. As the Settlement Agreements reflect, the total amount being paid to Mr. Bates ($5,070.00) and Ms. Bates ($4,192.50) has been allocated such that 50% of each payment would be treated as "wages" (and subject to withholdings and reported on an IRS Forms W-2) and 50% of each payment would be treated as "liquidated damages" (and reported on IRS Forms 1099). The Parties agreed to this allocation primarily because: (a) Defendant has maintained the

---

[3] Defendant has agreed to pay Plaintiffs an additional amount for execution of a separate general release of all claims (separate from the agreements attached hereto as Exhibits A and B), which includes, without limitation, Plaintiffs' Count II retaliation claim. That additional amount was negotiated separate and apart from the amounts to be paid to Plaintiffs on the Count I overtime claim. The Parties submit that Plaintiffs' Count II retaliation claim is not subject to Court approval under <u>Lynn's Food Stores, Inc. v. United States</u>, 679 F.2d 1350 (11th Cir. 1982), but the Parties hereby stipulate, pursuant to Fed. R. Civ. P. 41(a)(1), to the dismissal of the Count II retaliation claim with prejudice, the Parties to bear their own costs, fees, and expenses. See *Hernandez v. Iron Container, LLC*, 2014 WL 633848 at *2 (S.D. Fla. Feb. 18, 2014) ("Lynn's Food and the FLSA do not compel the Court to approve the fairness of an FLSA retaliatory discharge settlement, provided that the terms of that settlement do not 'contaminate' or affect the settlement of the FLSA wage claim.").

position that it is not indebted to Plaintiffs for *any amount* in unpaid wages, so a 100% allocation of the settlement to "wages" may not have been appropriate; and (b) in the spirit of settlement, and in recognition of Plaintiffs' primary "goal" to realize $5,070 and $4,192.50 without regard to the allocation, the Parties deemed it appropriate to treat some component of the settlement as liquidated damages. The upshot is that Plaintiffs will receive the exact amount set forth in their Statement of Claim, but, for the reasons noted above, through a 50/50 allocation. That means that Plaintiffs' claims were compromised only to the extent that they will not receive *additional payments* of $5,070 and $4,192.50.

7.  The Parties respectfully move for Court approval and dismissal with prejudice on the Count I FLSA overtime claim. The Parties further stipulate to the dismissal, with prejudice, of the Count II retaliation claim.

## MEMORANDUM OF LAW

In the Eleventh Circuit, in order to ensure that the employer is relieved of liability, a compromise of an FLSA overtime claim must either be supervised by the Secretary of Labor or must be approved by the District Court. See Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350 (11th Cir. 1982). To approve the settlement, the court should determine that the compromise is a fair and reasonable resolution of a bona fide dispute over FLSA provisions. Id. at 1354. If the settlement terms meet the aforementioned criteria, the Court should approve the settlement in order to promote the policy of encouraging settlement of litigation. Id.; see also Sneed v. Sneed's Shipbuilding, Inc., 545 F.2d 537, 539 (5th Cir. 1977).

In the instant action, the terms of settlement on Plaintiffs' Count I overtime claim are fair and reasonable. Counsel have zealously represented their clients' respective interests, and have negotiated a settlement that is acceptable to Plaintiffs and Defendant. In the opinion of

undersigned counsel for the Plaintiffs and Defendant, the expense of litigation through trial would have far exceeded the potential value of this case, thereby deeming continued litigation highly inefficient for the Plaintiffs, Defendant, and the Court.

In order to avoid the costs and uncertainty of continued litigation, the parties negotiated a settlement fairly early-on in the proceedings – before conducting any discovery. Under the terms of settlement, Plaintiffs will receive the amounts *they calculated* and represented to this Court as due and owing in their Statements of Claim. If the parties had continued to litigate this matter through trial, Plaintiffs may have realized $0 recovery, as Defendant maintains the position that Plaintiffs were paid in full for all hours Plaintiffs worked during the relevant limitations period. Therefore, continued litigation would not have been without risk for Plaintiffs (and would have been very costly, in terms of defense costs, for Defendant).

The Parties also are in agreement that the amount to be paid as attorneys' fees and costs to Plaintiffs' counsel is reasonable under the circumstances in light of the time that Plaintiffs' counsel spent drafting the Complaint and Amended Complaint and engaging in settlement negotiations with Defendant's counsel. The amount to be paid as attorneys' fees and costs was negotiated separately from the amount to be paid to Plaintiffs on their Count I overtime claim.

**WHEREFORE**, the parties respectfully request that the Court enter an Order:

(1)     approving the terms of settlement on Plaintiffs' Count I FLSA overtime claim;

(2)     dismissing Plaintiffs' Count I FLSA overtime claim with prejudice, with the Parties to bear their own costs, fees, and expenses except as otherwise set forth in the Settlement Agreements; and

(3)     dismissing Plaintiffs' Count II FLSA retaliation claim with prejudice, per the Parties' stipulation set forth herein, with the Parties to bear their own costs, fees, and expenses.

Respectfully submitted,

| | |
|---|---|
| s/Lawrence J. McGuinness | s/Andrew L. Rodman |
| LAWRENCE J. MCGUINNESS | ANDREW L. RODMAN |
| Florida Bar No.: 814611 | Florida Bar No. 0192198 |
| Email: ljmpalaw@netzero.com | E-mail: arodman@stearnsweaver.com |
| McGUINNESS & GONZALEZ, P.A. | STEARNS WEAVER MILLER WEISSLER |
| 1627 S.W. 37th Ave. | ALHADEFF & SITTERSON, P.A. |
| Suite 100 | Museum Tower, Suite 2200 |
| Miami, FL 33145 | 150 West Flagler Street |
| Telephone: (305) 448-9557 | Miami, Florida 33130 |
| Fax: (305) 448-9559 | Telephone: (305) 789-3200 |
| *Attorneys for Plaintiffs* | Fax: (305) 789-3395 |
| | *Attorneys for Defendant* |

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on <u>February 17, 2015</u>, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing.

 s/Andrew L. Rodman
ANDREW L. RODMAN, ESQ.

## SERVICE LIST
*Kris Bates, Rosie Bates and Erica Cirillo v. FirstService Residential Florida, Inc.*
Case No: 2:14-cv-421-FtM-29CM
United States District Court, Middle District of Florida


Lawrence J. McGuinness, Esq.
Florida Bar No.: 814611
Email: ljmpalaw@netzero.com
McGUINNESS & GONZALEZ, P.A.
1627 S.W. 37th Ave.
Suite 100
Miami, FL 33145
Tel: 305-448-9557
Fax: 305-448-9559
*Attorneys for Plaintiffs*
*Service by CM/ECF*