# Exhibit A

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KRIS BATES, ROSIE BATES and
ERICA CIRILLO,

      Plaintiffs,

vs.                                    Case No:  2:14-cv-421-FtM-29CM

FIRSTSERVICE RESIDENTIAL,
FLORIDA, INC.

      Defendant.

_____/

## SETTLEMENT AGREEMENT
## ("AGREEMENT")

      FIRSTSERVICE RESIDENTIAL FLORIDA, INC. f/k/a THE CONTINENTAL GROUP, INC., along with its parents, predecessors, successors, subsidiaries, affiliates, related entities, divisions, attorneys, insurers, and assigns, and all of its and their current, former, and future owners, officers, directors, shareholders, members, partners, employees, agents, servants, attorneys, insurers, and assigns, are hereinafter collectively referred to as the "Released Parties."

      ROSIE BATES, along with her spouse, heirs, successors and assigns, are hereinafter referred to as "Ms. Bates."

      WHEREAS, Ms. Bates and the Released Parties have fully and finally settled all claims asserted by Ms. Bates in the above-captioned action, and any and all other claims that Ms. Bates has or may have against the Released Parties;

      WHEREAS, the Released Parties deny any and all liability in the above-captioned action;

      NOW, THEREFORE, in consideration of the foregoing and the terms and conditions set forth in this Agreement, Ms. Bates and the Released Parties agree as follows:

      1.      The recitals above are true and correct and are incorporated in this Agreement as material terms.

#4036155 v1

Page 1

*RB*  Ms. Bates  *BK* FirstService

2.      In consideration for Ms. Bates' agreement to settle, fully resolve, and dismiss with prejudice all claims asserted by her, or that could have been asserted by her, in the above-captioned action, the following amounts will be paid within three (3) business days after receipt by Defendant's counsel of an Order from the Court approving all of the terms of settlement and dismissing with prejudice all claims asserted by Ms. Bates in the above-captioned action (the parties to bear their own costs, fees, and expenses except as otherwise set forth in this Agreement), provided that Ms. Bates also has signed and returned to Defendant's counsel the separately documented General Release of Claims:

     (a)      FirstService, on behalf of the Released Parties, will pay Ms. Bates the gross amount of Two Thousand Ninety-Six and 25/100 Dollars ($2,096.25), less applicable taxes, withholdings, and deductions that are authorized or required by law, as alleged unpaid overtime compensation.  This amount will be reported on an IRS Form W-2 issued to Ms. Bates.   The taxes, withholdings, and deductions will be made in accordance with the IRS Form W-4 currently on file with FirstService for Ms. Bates.

     (b)      FirstService, on behalf of the Released Parties, will pay Ms. Bates the total amount of Two Thousand Ninety-Six and 25/100 Dollars ($2,096.25) as alleged liquidated damages. This amount will be reported on an IRS Form 1099 issued to Ms. Bates for the year in which payment is made.

     (c)      FirstService, on behalf of the Released Parties, will pay Ms. Bates' counsel, McGuinness & Gonzalez, P.A., on Ms. Bates' behalf, the total amount of Two Thousand Seven Hundred Fifty and 00/100 Dollars ($2,750.00) for attorneys' fees and costs incurred by Ms. Bates' counsel in connection with the above-captioned action.  This amount will be reported on IRS Forms 1099.

As a condition to receipt of any payments, Ms. Bates and McGuinness & Gonzalez, P.A. must provide Defendant's counsel with executed IRS Forms W-9 no later than the date this executed Agreement is returned to Defendant's counsel.

3.      In consideration for the payments set forth in paragraph 2, Ms. Bates releases and forever discharges the Released Parties from any and all claims, demands, and liabilities, whether known or unknown, that Ms. Bates ever had or may now have against the Released Parties, from the beginning of time through the date of Ms. Bates' execution of this Agreement, for   legal, equitable, and all other relief (including, without limitation, minimum wage compensation, overtime compensation, liquidated damages, compensatory damages, punitive damages, attorneys' fees, costs, interest, penalties, and declaratory and injunctive relief) under the Fair Labor Standards Act of 1938 ("FLSA") and all other federal, state, and local laws governing the payment of wages or compensation of any kind.

#4036155 v1

Page 2

_RB_ Ms. Bates   _BK_ FirstService

4.    (a)    Ms. Bates agrees to fully and finally dismiss with prejudice all claims asserted by her in the above-captioned action.    To effectuate such dismissal with prejudice, Ms. Bates and the Released Parties agree to file with the Court a Joint Motion to Approve Settlement ("Joint Motion"), along with a proposed Order, in which the parties will disclose the terms of settlement and request that the Court approve such terms and dismiss with prejudice all claims asserted by Ms. Bates with prejudice, the parties to bear their own costs, fees, and expenses except as otherwise set forth in this Agreement. The parties will attach a copy of this executed Agreement as an exhibit to the Joint Motion.

(b)    Ms. Bates and the Released Parties understand and agree that if the Court does not approve all of the terms of settlement as set forth in this Agreement and/or in the separately documented General Release of Claims, and/or does not dismiss all of Ms. Bates' claims in their entirety with prejudice, the parties to bear their own costs, fees, and expenses except as otherwise set forth in this Agreement, then this Agreement and the separately documented General Release of Claims shall be deemed null and void. Further, Ms. Bates and the Released Parties understand and agree that if Ms. Bates does not execute the separately documented General Release of Claims, then this Agreement and the General Release of Claims shall be deemed null and void.

5.    Ms. Bates fully understands that if any fact with respect to which this Agreement is executed is found hereafter to be different from the facts now believed by Ms. Bates to be true, she expressly accepts and assumes the risk of such possible difference in fact and agrees that this Agreement shall be and remain effective notwithstanding such difference in fact.

6.    This Agreement does not constitute an admission of a violation of any law, order, regulation, or enactment, or of wrongdoing of any kind by the Released Parties, and is entered into by the parties solely to end any controversy between them.    The Released Parties expressly deny any and all wrongdoing and liability.

7.    This Agreement shall be governed by, construed, and enforced in accordance with the laws of the State of Florida, both substantive and remedial.    The failure of any provision of this Agreement shall in no manner affect the right to enforce the same, and the waiver by any party of any breach of any provision of this Agreement shall not be construed to be a waiver by such party of any succeeding breach of such provision or a waiver by such party of any breach of any other provision.

8.    In any action or proceeding relating to or arising out of enforcement of this Agreement, the prevailing party shall be entitled to an award of attorneys' fees and costs incurred in the action or proceeding at the trial court and appellate levels.    The prevailing party also shall be entitled to recover attorneys' fees and costs incurred in connection with

#4036155 v1

Page 3

_RB_ Ms. Bates  _OK_ FirstService

any hearing or proceeding conducted to determine entitlement to attorneys' fees and costs and/or the amount of recoverable attorneys' fees and costs.

9.     This Agreement, along with the separately documented General Release of Claims, represents the entire understanding and agreement between the parties with respect to the subject matter hereof and there are no promises, agreements, conditions, undertakings, warranties, or representations, whether written or oral, express or implied, between the parties other than as set forth herein.  This Agreement cannot be amended, supplemented, or modified except by an instrument in writing signed by the parties against whom enforcement of such amendment, supplement or modification is sought.

10.    This Agreement may be executed in counterparts, and upon such execution shall be complete, and the terms, provisions and obligations set forth shall be in full force and effect.

11.    Except as otherwise set forth in this Agreement, if any provision or portion of this Agreement is determined to be invalid or unenforceable for any reason, then the parties agree that the remaining provisions or portions of this Agreement will be unaffected thereby and will remain in full force and effect.

12.    **MS. BATES FURTHER STATES THAT SHE HAS CAREFULLY READ THIS AGREEMENT, THAT SHE HAS HAD THE OPPORTUNITY TO HAVE THE AGREEMENT REVIEWED BY AN ATTORNEY, THAT SHE FULLY UNDERSTANDS THE FINAL AND BINDING EFFECT OF THIS AGREEMENT, THAT THE ONLY PROMISES MADE TO HER TO SIGN THE AGREEMENT ARE THOSE STATED IN THE AGREEMENT, AND THAT SHE IS SIGNING THIS AGREEMENT VOLUNTARILY WITH THE FULL INTENT OF RELEASING THE RELEASED PARTIES OF AND FROM CLAIMS THAT HAVE BEEN ASSERTED BY HER, OR THAT COULD HAVE BEEN ASSERTED BY HER, IN THE ABOVE-CAPTIONED ACTION.**

_RB_ Ms. Bates  _BK_ FirstService

**IN WITNESS WHEREOF,** intending to be legally bound, Rosie Bates and FirstService Residential Florida, Inc. execute the instant Agreement.


_Rossie Bates_     2/16/15
ROSIE BATES            DATE

STATE OF FLORIDA

COUNTY OF   MIAMI-DADE

The foregoing instrument was acknowledged before me this 16th day of February, 2015, by   Rosie Bates   , who is personally known to me or who has produced _____ as identification and who did/did not take an oath.


JULIANA GONZALEZ
MY COMMISSION # FF 046602
EXPIRES: November 17, 2017
Bonded Thru Notary Public Underwriters

_Juliana G_

Notary Public, State of Florida

Commission No._____

#4036155 v1

5

FIRSTSERVICE RESIDENTIAL FLORIDA,
INC. f/k/a THE CONTINENTAL GROUP, INC.

By: Anthony Kallido

Title: Exec VP

Date: 2/16/15

STATE OF FLORIDA

COUNTY OF BROWARD

The foregoing instrument was acknowledged before me this 17th day of
__February__, 2015, by __Anthony Kalliche__, its
_____ who is personally known to me or who has produced
_____ as identification and who did/did not take an oath.



MARA JOCKERS
Notary Public - State of Florida
My Comm Expires May 7, 2018
Commission # FF 100946

Notary Public, State of Florida

Commission No. _____