UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KRIS BATES, ROSIE BATES and
ERICA CIRILLO,

      Plaintiffs,

v.                                    Case No: 2:14-cv-421-FtM-29CM

FIRSTSERVICE RESIDENTIAL
FLORIDA, INC.,

      Defendant.

## REPORT AND RECOMMENDATION[1]

Before the Court is the parties' Renewed[2] Joint Motion for Approval of FLSA Settlement and for Dismissal of Counts I and II With Prejudice (Doc. 26), filed on February 17, 2015, which attached the Settlement Agreements for the Court's review (Docs. 26-1, 26-2). For the reasons set forth herein, the Court recommends that the settlements be approved and Counts I and II be dismissed with prejudice. The parties agree that the remaining Count III state law claim for unlawful retaliation brought pursuant to Fla. Stat. § 448.102, asserted by only Plaintiff Erica Cirillo, should be remanded to the Circuit Court of the Twentieth Judicial Circuit in and for Collier County, where this case was filed prior to removal.

---

[1] Failure to file written objections to the proposed findings and recommendations contained in this report within **fourteen (14)** days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

[2] The Court denied the parties' first joint motion for approval because it contained a confidentiality provision and the Court requested that the parties address a discrepancy in the motion and settlement agreement. Doc. 25.

To approve the settlement, the Court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the claims raised pursuant to the FLSA. *Lynn's Food Store, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982). There are two ways for a claim under the FLSA to be settled or compromised. *Id.* at 1352-53. The first is under 29 U.S.C. §216(c), providing for the Secretary of Labor to supervise the payments of unpaid wages owed to employees. *Id.* at 1353. The second is under 29 U.S.C. §216(b), when an action is brought by employees against their employer to recover back wages. *Id.* When the employees file suit, the proposed settlement must be presented to the district court for review and determination that the settlement is fair and reasonable. *Id.* at 1353-54.

The Eleventh Circuit has found settlements permissible when the lawsuit is brought by employees under the FLSA for back wages because the lawsuit

> provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.* at 1354. Pursuant to *Bonetti v. Embarq Management Company*:

> [T]he best way to insure that no conflict [of interest between an attorney's economic interests and those of his client] has tainted the settlement is for the parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered. If these matters are addressed independently and

> seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement.

715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009).

Plaintiffs Kris and Rosie Bates brought this claim for failure to pay overtime wages pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, seeking recovery of unpaid overtime compensation, seeking liquidated damages, and reasonable attorney's fees and costs arising out of their employment for Defendant in a residential community known as "Ole Village." Doc. 5. Mr. Bates worked as a pool/community monitor between March 2013 and March 2014, and Ms. Bates worked as an administrative assistant between April 2013 and February 2014. Doc. 26 at ¶ 2. In his Answers to the Court's Interrogatories, Kris Bates claims that he is owed approximately $5,070.00 in overtime wages. Doc. 15-1 at 2. Plaintiff Rosie Bates claims that she is owed approximately $4,192.50 in overtime wages. Doc. 15-2 at 2.

Defendant has agreed to pay each Plaintiff the exact amount of overtime wages claimed ($5,070.00 to Kris Bates and $4,192.50 to Rosie Bates). Doc. 26 at ¶ 5; Docs. 26-1, 26-2 at 2. Defendant also has agreed to pay $5,500.00 for Plaintiffs' attorney's fees and costs, which the parties represent were negotiated separately so as not to affect Plaintiffs' recoveries. Doc. 26 at 5. Because Defendant has agreed to pay Plaintiff the exact amounts claimed, the Court questions whether their claims were compromised such that the settlement requires judicial review.[3] In this regard, the

---

[3] "If judicial scrutiny confirms that the parties' settlement involves no compromise [of the employee's claim], the district court should approve the settlement and dismiss the case."

parties state that in the spirit of settlement the parties agreed that the total amount being paid to each Plaintiff would be allocated such that 50% is treated as "wages" and 50% is treated as "liquidated damages," each being reported on different IRS tax forms.  *Id.* at ¶ 6.  Thus, Plaintiffs' claims were compromised only to the extent that they will not receive additional payments of $5,070.00 and $4,192.50 in liquidated damages.  In other words, Plaintiffs gave up their claim to liquidated damages as a compromise to achieve settlement.  Defendant does not admit liability, the parties state that the settlement amount is fair and reasonable given Plaintiffs' likelihood of success on the merits and Defendant's costs of defending this matter.  *Id.* at 4-5.  The joint motion states that the cost of litigation would significantly exceed the potential value of Plaintiffs' FLSA claims.  *Id.* at ¶ 4.

Although the Court must consider the reasonableness of any award of attorney's fees, it is not required to conduct an in-depth analysis of the award unless it is unreasonable on its face.  *Bodnar v. Gourmet Hut, Inc.*, No. 3:13-cv-709-J-34JRK, 2014 WL 757981, at *3 n.4 (M.D. Fla. Feb. 26, 2014) (order adopting report and recommendation).  The fee in this case appears to be reasonable, and, it was separately negotiated.

With regard to the settlement amount, under the terms of their settlement agreements, both Plaintiffs will receive the full amount of their actual damages claim.  Accordingly, the Court recommends that these amounts are fair and reasonable.  With regard to Plaintiff's waiver of their right to liquidated damages, the FLSA

---

*Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1350 (M.D. Fla. 2010).

generally provides for the recovery of liquidated damages by a claimant who recovers past due and unpaid overtime wages. 29 U.S.C. § 216(b) states that: "Any employer who violates the provisions of [the FLSA] shall be liable to the employee ... affected in the amount of their unpaid minimum wages ... in an additional equal amount as liquidated damages." The FLSA also establishes a good faith defense to the award of liquidated damages:

> [I]f the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the Fair Labor Standards Act ... the court may, in its sound discretion, award no liquidated damages or award any amount thereof not to exceed the amount specified in [§ 216(b)].

29 U.S.C. § 260. "To satisfy the subjective 'good faith' component, the employer has the burden of proving that it had an honest intention to ascertain what the [FLSA] requires and to act in accordance with it." *Davila v. Menendez*, 717 F.3d 1179, 1185 (11th Cir. 2013) (quoting *Dybach v. Fla. Dep't of Corr.*, 942 F.2d 1562, 1566 (11th Cir. 1991)). An employee cannot waive his right to liquidated damages in an FLSA settlement agreement when there is no genuine dispute about the employee's entitlement to liquidated damages. *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697, 704 (1945).

In this case, Defendant states that it believes Plaintiffs were paid in full under the FLSA, at the proper rate, for all hours worked throughout their employment, but decided to settle the matter to avoid litigation. Doc. 26 at ¶ 3; p. 5. Defendant likewise denied any wrongdoing in its Answer and asserted in its defense that "Defendant acted in good faith and with reasonable grounds to believing that its acts

or omissions were not in violation of the FLSA, and therefore cannot be held liable for liquidated damages under the FLSA. Doc. 12 at 5, ¶ 2. Thus, based upon the parties' representations, there appears to be a genuine dispute regarding Plaintiffs' entitlement to liquidated damages such that Plaintiffs may waive their right to those damages.

ACCORDINGLY, it is respectfully

**RECOMMENDED:**

1. The parties' Renewed Joint Motion for Approval of FLSA Settlement and for Dismissal of Counts I and II With Prejudice (Doc. 26) be **GRANTED,** and the settlement as to Counts I and II be **APPROVED** by the Court as a fair and reasonable resolution of a bona fide dispute under the FLSA.

2. The Court enter an order **DISMISSING** Counts I and II with prejudice.

3. Count III brought by Plaintiff Erica Cirillo be **REMANDED** to the Circuit Court of the Twentieth Judicial Circuit in and for Collier County.

**DONE** and **ENTERED** in Fort Myers, Florida on this 26th day of February, 2015.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Honorable John E. Steele
Counsel of record